| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|

| PLAINTIFFS<br>Larry Lavell Craig<br>Kina Lynn Craig<br>1190 Mount Vernon Lane<br>Mount Juliet, TN 37122 | DEFENDANTS<br>Mr. Bill Gibbons, Commisioner<br>Tennessee Department of Safety and Homeland Security<br>P.O. Box 945<br>Nashville, TN 37202<br><br>Mr. Howard Gentry, Clerk<br>Davidson County Criminal Court Clerk<br>408 2nd Av N<br>Ste 2120<br>Nashville, TN 37201 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lewis G. Burnett, Jr.<br>Long and Burnett, PLLC<br>302 42nd Ave. N<br>Nashville, TN 37209<br>615-386-0075 Fax: 615-864-8419 | **ATTORNEYS** (If Known)<br>Tennessee Attorney General<br>PO Box 20207<br>Nashville, TN 37202-0207<br><br>Metropolitan Government of Nashville<br>Department of Law<br>PO Box 196300<br>Nashville, TN 37219-6300 |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Complaint seeking restoration of driver's license, for order of Contempt of Court for violation of 11 U.S.C. 362 and 11 U.S.C. 525, for violation 28 U.S.C. 1983, for a Writ of Mandamus, and denial of a claim.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[2] 71-Injunctive relief - imposition of stay
[3] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

| | |
|---|---|
| **FRBP 7001(5) - Revocation of Confirmation**<br>[ ] 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>[ 1 ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability**<br>[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>[ ] 01-Determination of removed claim or cause<br><br>**Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*<br>[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ **Damages and Attorney Fees for this Action** |
| Other Relief Sought: Damages and Attorney's fees | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Larry Lavell Craig<br>Kina Lynn Craig ||| BANKRUPTCY CASE NO.<br>3:15-bk-01289 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>Nashville || NAME OF JUDGE<br>HARRISON |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lewis G. Burnett, Jr.<br>Lewis G. Burnett, Jr. ||||
| DATE<br>April 20, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lewis G. Burnett, Jr. |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| **LARRY LAVELL CRAIG** ) | Case No.: 3:15-01289 |
| ) | |
| And ) | |
| ) | Chapter 13 |
| **KINA LYNN CRAIG** ) | |
| Debtors, ) | |
| ) | Adversary No.: _____ |
| **LARRY LOVELL CRAIG** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **MR. BILL GIBBONS, COMMISSIONER** ) | |
| **TENNESSEE DEPARTMENT OF** ) | **JUDGE HARRISON** |
| **SAFETY AND** ) | |
| **HOMELAND SECURITY;** ) | |
| ) | |
| **MR. HOWARD GENTRY** ) | |
| **METROPOLITAN GOVERNMENT** ) | |
| **OF NASHVILLE** ) | |
| **DAVIDSON COUNTY CRIMINAL** ) | |
| **COURT CLERK;** ) | |
| Defendants. ) | |

## COMPLAINT SEEKING RESTORATION OF DRIVER'S LICENSE, FOR ORDER OF CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY, FOR A WRIT OF MANDAMUS, AND DENIAL OF CLAIM

Plaintiff is the Debtor in this bankruptcy case, and for his complaint in this action states as follows:

1. Debtor brings this action to enjoin Defendant Tennessee Department of Safety and Homeland Security, Defendant Mr. Bill Gibbons, Commissioner, Defendant Metropolitan Government of Nashville Davidson County Criminal Court Clerk, and Defendant Mr. Howard Gentry from suspending Debtor's driver's license because of his nonpayment of prepetition debts, and to obtain sanctions for contempt.

2. This Court has jurisdiction of this case proceeding under 28 U.S.C. §§ 1331 and 157(b)(2). This proceeding is a core proceeding in which the Bankruptcy Court has authority to enter a final order or judgment.

3. Defendant Tennessee Department of Safety and Homeland Security is a state government agency. Mr. Bill Gibbons is the Commissioner of the Department of Safety and Homeland Security, and has the duty of directing the issuance of driver's licenses in Tennessee.

4. Defendant Metropolitan Government of Nashville is the city government entity, which operates and directs the Davidson County Criminal Court Clerk. Mr. Howard Gentry is the Clerk of the Davidson County Criminal Court.

5. Defendant Davidson County Criminal Court Clerk is the city government agency that collects criminal fines and court costs under the Metropolitan Government of Nashville.

6. This is an action to determine whether the Defendants have violated 11 U.S.C. §362, 11 U.S.C. §525, and 42 U.S.C. §1983 by revoking Plaintiff's Tennessee driver license and whether the Defendants should be ordered to issue a Tennessee driver license to the Debtor. The Debtor also challenges the claim filed by the Davidson County Criminal Court.

7. It would be shown the Debtor owes fines and costs due to criminal violations to the Metropolitan Government of Davidson County.

8. Debtors filed for relief under Chapter 13 on February 27, 2015. Included in Debtor's schedules were debts owed to the Davidson County Criminal Court Clerk including both criminal fines and criminal court costs.

9. Debtor's proposed Chapter 13 plan included provisions to pay the non-dischargeable criminal court fines in full and pay the criminal court fines as general unsecured debt with a dividend of 70%.

10. Notice of Debtor's filing was sent by the Bankruptcy Noticing Center on March 5, 2015.

11. On March 11, 2015, Defendant State of Tennessee Department of Safety and Homeland Security issued a letter and revoked Debtor's driver's license.

12. The Davidson County Criminal Court Clerk's Office filed a proof of claim on April 16, 2015 for $5,542.33, which is listed as Claim No. 5. This claim was filed by attorneys Robinson, Reagan, and Young. The proof of claim has the box checked for taxes and penalties owed to governmental units that the Debtor believes is incorrect in the claim is primarily for court costs and is not entitled to Priority treatment under 11 U.S.C. §507(a)(8). The basis for the claim and the mathematics stated in the claim attachments also do not add up to the total of the claim. The Debtor avers the claim should be examined and may be challenged on an objection at a later time if the Court chooses not to address it in this adversary proceeding.

13. In March 2015, the Debtor notified the Davidson County Criminal Court Clerk of his bankruptcy filing and attempted to have the hold on reinstatement issued by Defendant Davidson County Criminal Court Clerk removed. He was advised he would need to pay $3,047.25 to have the hold issued by the Clerk removed or wait until his case was discharged.

14. Debtor's counsel contacted Defendant Davidson County Criminal Court Clerk in mid April 2015 and was advised the hold on Debtor's driver's license would not be

removed until his discharge. The employee of the Clerk further advised that because the case was now in bankruptcy arrangements for payment would have to go through the collection attorneys and payment in full of the entire claimed amount of $5,542.33 would be required to obtain a license prior to discharge.

15. The Debtor acknowledges the State may collect reinstatement fees to issue a driver license, but would show the Court the state is withholding and suspending his license for collection of delinquent fines and court costs, which are scheduled to be paid in his Chapter 13 plan.

16. The Debtor would show the Court the withholding of his driving privileges by the Defendants is to force payment of prepetition debt outside of the bankruptcy.

17. The Debtor would show a driver license is necessary for him to travel to and from work and necessary in his employment. Denial of a driver license interferes with the Debtor's ability to earn a living and impairs his ability to fund his Chapter 13 plan.

18. The Debtor would show the Court the Defendants' pattern of denial of a driver license is a violation of 11 U.S.C. §525(a). The Debtor avers by filing a bankruptcy, the Defendants are treating him in a class apart from other persons with license suspensions and revocations.

19. The Debtor would show the actions of the Defendants violates 42 U.S.C. §1983.

**PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That the Court find the Defendants in Civil Contempt of Court for violation of the Automatic Stay.

2. That the Court enter an order directing the Tennessee Department of Safety and

Homeland Security to issue a Tennessee driver license to the Plaintiff.

3. That the Court enter an order directing the Metropolitan Government of Nashville and the Davidson County Criminal Court Clerk to release any hold they have on his driver license and releasing their claim against the Plaintiff that inhibits issuance of his driver license.

4. That the Court examine Claim No. 5 filed by the Davidson County Criminal Court by attorneys Robinson, Reagan, & Young to determine the validity and amount of the claim.

5. That the Court award the Debtor damages and attorney fees against the Defendants for denial of his driver license.

6. That the Court award the Debtor such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/L.G. BURNETT, JR.
**L.G. Burnett, Jr. Reg. #6463**
**Long and Burnett, PLLC**
Attorney for Debtor
302 42nd Ave. No.
Nashville, Tennessee 37209
(615) 386-0075 phone (615) 864-8419 fax
ecfmail@tennessee-bankruptcy.com