
Marian F. Harrison
US Bankruptcy Judge

Dated: 1/5/2016



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 315-01289 |
| LARRY LAVELL CRAIG, AND | ) |
| KINA LYNN CRAIG, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtors. | ) Chapter 13 |
| | ) |
| | ) |
| LARRY LAVELL CRAIG, | ) ADV. NO. 315-90193 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MR. BILL GIBBONS, COMMISSIONER, | ) |
| TENNESSEE DEPARTMENT OF | ) |
| SAFETY AND HOMELAND SECURITY,[1] | ) |
| AND MR. HOWARD GENTRY, | ) |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE DAVIDSON COUNTY | ) |
| CRIMINAL COURT CLERK, | ) |
| | ) |
| Defendants. | ) |

_____

## OPINION
_____

_____

[1] The complaint against the Tennessee Department of Safety and Homeland Security and Mr. Bill Gibbons, Commissioner, was dismissed on May 26, 2015.

This matter came before the Court on motions for judgment on the pleadings filed by the plaintiff and by defendants Howard Gentry, Criminal Court Clerk, and the Metropolitan Government of Nashville and Davidson County (hereinafter "Criminal Court Clerk"). For the following reasons, the Court finds that the plaintiff's motion should be denied, the Criminal Court Clerk's motion should be granted, and that the above-styled adversary proceeding should be dismissed.

## I. FACTS

The essential facts are not in dispute. The plaintiff owes pre-petition fines and costs resulting from criminal violations. The plaintiff and his wife filed a Chapter 13 petition on February 27, 2015, and notice was mailed to the Criminal Court Clerk on March 5, 2015. The Chapter 13 plan included compensation for criminal court costs and criminal fines owed to the Criminal Court Clerk. On March 11, 2015, the Tennessee Department of Safety and Homeland Security (hereinafter "the State") revoked the plaintiff's driver's license after the Criminal Clerk notified the State that the plaintiff had unpaid criminal fines and court costs. In March and April of 2015, the plaintiff and his bankruptcy attorney contacted the Criminal Clerk's Office to have the hold on the plaintiff's driver's license with the State removed due to the bankruptcy filing. Both were told that the hold would remain until the plaintiff was discharged or the claim was paid in full. Once this adversary proceeding was filed, the State reinstated the plaintiff's driver's license. The parties agree that the criminal fines are nondischargeable but that court costs are dischargeable pursuant to 11 U.S.C. § 1328(a)(3).

## II. DISCUSSION

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed R. Bankr. P. 7012, incorporating Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–512 (6th Cir. 2001).

Initially, the Court finds that the notification was not an act to "collect, assess, or recover" a debt. *See Kimsey v. Suskie (In re Kimsey)*, 263 B.R. 244, 246 (Bankr. E.D. Ark. 2001) ("mere refusal to lift the suspension of [a] license is not a violation of the stay"); *Geiger v. Commonwealth of Pennsylvania (In re Geiger),* 143 B.R. 30 (E.D. Pa. 1992) (a driver's license, being a privilege, is not property of the estate and, thus, failure to reinstate a license is not exercise of control over estate property).

Moreover, even if the Criminal Court Clerk's notification to the State was somehow covered by the automatic stay, the notification was at most a ministerial act flowing from the

3 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:15-ap-90193    Doc 29    Filed 01/05/16    Entered 01/05/16 12:27:51    Desc Main
Document      Page 3 of 6

criminal court judgment. Pursuant to Tennessee law, a criminal court clerk "**shall** notify the commissioner of safety when an offender has litigation taxes, court costs, and fines that remain unpaid after one (1) year from the disposition of the offense." T.C.A. § 40-24-105(b)(2) (emphasis added). The actual revocation of a license is the duty of the State. *See* T.C.A. § 40-24-105(b)(1). The post-petition performance of ministerial acts, such as notifying the state of unpaid criminal court fines and costs "where the judgment has been completed pre-petition is not a violation of the automatic stay." *In re Frazier,* No. 02-41136, 2003 WL 26098325, at *6 (Bankr. S.D. Ga. June 12, 2003). *See also Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 973-74 (1st Cir. 1997) (noting that ministerial acts, even if undertaken in state judicial proceeding subsequent to bankruptcy filing, do not violate automatic stay).

Regardless, the Criminal Court Clerk did not violate the automatic stay by reporting the plaintiff's failure to pay his criminal fines to the State because this action was a continuation of the criminal proceeding. In *Talley v. Alabama Dept. of Public Safety (In re Talley),* 472 F. Supp. 2d 1323 (N.D. Ala. 2007), the court held that the suspension of a debtor's license for failure to pay fines that were levied against him before he filed for Chapter 13 protection constituted a continuation of a criminal action or proceeding and was therefore not prohibited by the automatic stay provision. *Id.* at 1326. The court in *Talley* stated that the revocation of the debtor's driver's license "was not an independent action on the part of appellees, but rather the inevitable consequence of Talley's not paying criminal

4 - U.S. Bankruptcy Court, M.D. Tenn.

fines. Therefore, for purposes of § 362, the suspension constituted a continuation of a criminal action." ***Id.  See also Branch v. 30th District Court City of Highland Park (In re Branch)***, 525 B.R. 388, 397 (Bankr. E.D. Mich. 2015) (post-petition actions and proceedings, i.e., issuing an arrest warrant; failing to cause that arrest warrant to be cancelled; and reporting the debtor's violation of the Michigan Vehicle Code to the state, resulting in the state's further suspension of the debtor's operator's licence, were all part of the continuation of a criminal proceeding and fall within the exception to the automatic stay provided by 11 U.S.C. § 362(b)(1)); ***Hardenberg v. Com. of Virginia, Dep't of Motor Vehicles,*** No. C-3-91-471, 1993 WL 1318606, at *5 (S.D. Ohio Sept. 10, 1993) ("the decisions which support the notion that state action aimed at the collection of criminally-imposed fines operates as an integral part of the state criminal process do not run counter to the plain meaning of and the legislative intent behind § 362(b)(1)"); ***Gilliam v. Metro Gov't of Nashville (In re Gilliam)***, 67 B.R. 83 (Bankr. M.D. Tenn. 1986) (automatic stay does not prevent enforcement of a criminal fine).  Accordingly, the Criminal Court Clerk's notification to the State was a continuation of the criminal proceedings and was not a violation of the automatic stay.

Finally, the plaintiff argues that the Criminal Court Clerk's actions violated 11 U.S.C. § 525(a), which prohibits "'governmental entities from refusing to deal with or denying a certain property interest to a debtor due to his or her bankruptcy filing.'" ***In re Oksentowicz***, 314 B.R. 638, 639 (E.D. Mich. 2004) (citations omitted).  Nothing in the pleadings indicates

that the plaintiff was treated differently because of his bankruptcy filing. Instead, the Criminal Court Clerk's office notified the State as required by T.C.A. § 40-24-105(b)(2) as in every case where a defendant fails to pay "litigation taxes, court costs, and fines that remain unpaid after one (1) year from the disposition of the offense."

### III. CONCLUSION

Accordingly, the Court finds that the plaintiff's motion for judgment on the pleadings should be denied and the Criminal Court Clerk's motion should be granted. The above-styled adversary should be dismissed pursuant to Fed. R. Bankr. P. 7012.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.